UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DJM LOGISTICS INC,

        Plaintiff,

v.

        Case No. 20-cv-1311-bhl

FEDEX GROUND PACKAGE SYSTEM INC,

        Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT AND REQUIRING PLAINTIFF TO SHOW CAUSE

        On August 25, 2020, Plaintiff Brandi N. Johnson (Johnson), proceeding without a lawyer, filed a complaint against Defendant FedEx Ground Package System Inc. (FedEx). ECF No. 1. Johnson asserted claims under 42 U.S.C. § 1981 based on allegations that FedEx engaged in racially discriminatory conduct and retaliation by terminating a contract for services with Fairway Delivery Inc. (Fairway), a corporation co-owned by Johnson. *Id.* at 2–7. On September 29, 2020, FedEx filed a motion to dismiss on grounds that Plaintiff could not maintain a claim against FedEx because she did not have a direct contractual relationship with the defendant as required for Section 1981 liability. ECF No. 11 at 1–4.

        On September 27, 2021, the Court dismissed Johnson's complaint on the grounds asserted by FedEx. ECF No. 25 at 2–3 (citing *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476, 126 S. Ct. 1246, 1249, 163 L. Ed. 2d 1069 (2006) ("Any claim brought under [Section] 1981 . . . must initially identify an impaired 'contractual relationship,' § 1981(b), under which the plaintiff has rights.")). The Court nevertheless granted Johnson leave to amend her complaint in order to bring a new claim—that FedEx discriminated against Johnson, not by terminating a contract with Fairway, but by refusing to allow Fairway to assign its contract to Johnson. *See id.* at 3–4 (citing *Domino's Pizza*, 546 U.S. at 476 ("'[A] contractual relationship need not already exist [for a Section 1981 violation to occur], because [Section] 1981 protects the would-be contractor along with those who already have made contracts. We made this clear

in *Runyon v. McCrary*, 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976), which subjected defendants to liability under [Section] 1981 when, for racially motivated reasons, they prevented individuals who '*sought to enter* into contractual relationships' from doing so, *id.*[] at 172, 96 S.Ct. 2586 (emphasis added)."). Johnson had introduced this new argument in an unauthorized reply brief, ECF No. 22 at 1–4, which parties discussed during a motion hearing on September 16, 2021. *See* ECF No. 23.

In its Order dismissing Johnson's complaint but granting leave for Johnson to file an amended complaint, the Court stated the following:

> If there is factual support for the contention that Johnson requested but was denied an assignment of the Fairway contract, this might form the basis of a claim. . . . [B]ut the pleading makes no mention of any discriminatory refusal to allow an assignment. Accordingly, this theory cannot save the complaint as currently drafted; Johnson's new theory would require an amended complaint. . . . **The Court strongly cautions Johnson, however, not to file an amended complaint asserting this new theory unless she has proof of these new allegations. If the record later shows that Johnson never asked FedEx to approve an assignment of the Fairway contract to Johnson individually, and she nevertheless proceeds with a claim that such a request was denied, she may face possible sanctions for making false representations to the Court in violation of Federal Rule of Civil Procedure 11(b).**

ECF No. 25 at 3–4 (emphasis in original).

On October 5, 2021, Johnson filed an amended complaint. The amended pleading did not, however, include factual support for the contention that Johnson requested but was denied an assignment of the Fairway contract. *See* ECF No. 26 at 4–8. Instead, the amended complaint alleges, among other things, that FedEx interfered with Fairway's attempt to assign contract rights and obligations to DJM Logistics Inc. (DJM), a corporation for which Johnson was to be the owner and majority shareholder. *Id.* at 7–8. Neither this argument nor any other argument in the amended complaint conforms to the requirements specified in the Court's previous order or otherwise states a claim under Federal Rule of Civil Procedure 8(a). This failure alone is sufficient for the Court to grant FedEx's motion to dismiss the amended complaint, ECF No. 27, which was filed on October 8, 2021, and which was fully briefed as of October 26, 2021. *See* ECF No. 30.

Johnson's amended complaint is defective for two additional reasons. In the original complaint, Johnson was the named plaintiff, and she represented herself as a pro se litigant. *See* ECF No. 1. The amended complaint names DJM as the plaintiff instead of Johnson, and Johnson again made the filing without the representation of counsel. *See* ECF No. 26. Johnson is not an attorney and cannot provide legal representation on behalf of a corporation. *See Fairway Delivery, Inc. v. FedEx Ground Package System, Inc.*, No. 2:20-cv-00114-JPS, at 1–2 (E.D. Wis. Jan. 28, 2020) (involving the same Brandi N. Johnson and similar facts and allegations) ("Plaintiff, a corporation, complains of discrimination and breach of contract perpetrated by Defendant, its former business partner. . . . This action was filed by Plaintiff's vice president, Brandi N. Johnson[.] . . . However, Johnson is not an attorney and is not licensed to practice law in this Court. She is therefore not permitted to represent Plaintiff in this case.") (citing *In re IFC Credit Corp.*, 663 F.3d 315, 318 (7th Cir. 2011); *United States v. Hagerman*, 545 F.3d 579, 581–82 (7th Cir. 2008)). Moreover, the four-year statute of limitations for Johnson's Section 1981 claim has elapsed. *See Riley v. Elkhart Cmty. Sch.*, 829 F.3d 886, 891 (7th Cir. 2016) ("Section 1981 claims must be filed within four years of the alleged discriminatory act.") (citing 28 U.S.C. § 1658; *Campbell v. Forest Pres. Dist. of Cook Cty., Ill.*, 752 F.3d 665, 667–68 (7th Cir. 2014)). According to the amended complaint, the alleged Section 1981 violation occurred, at the latest, on or about September 2, 2016. *See* ECF No. 26 at 6–7. The amended complaint was filed October 5, 2021. *See* ECF No. 26.

Because the Court previously admonished Johnson to refrain from filing an amended complaint without sufficient proof, ECF No. 25 at 3–4, and because Johnson was already aware that it was improper for her to attempt to provide legal representation to DJM, *see Fairway Delivery, Inc.*, No. 2:20-cv-00114-JPS, at 1–2, the Court will require Johnson to show cause as to why the Court should not sanction her. If Johnson fails to timely show cause, the Court may hold Johnson liable for FedEx's costs, expenses, and attorneys' fees reasonably incurred as a result of Johnson's conduct. *See* Fed. R. Civ. P. 11(b); 28 U.S.C. § 1927 ("Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.").

Accordingly,

**IT IS HEREBY ORDERED** that FedEx's motion to dismiss, ECF No. 27, is **GRANTED** and Johnson's amended complaint, ECF No. 26, is **DISMISSED with prejudice. IT IS FURTHER ORDERED** that **by December 30, 2021**, Johnson must file with the Court a brief explanation as to why sanctions are not appropriate.

Dated at Milwaukee, Wisconsin on December 1, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge