UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DJM LOGISTICS INC,

        Plaintiff,

  v.

                                        Case No. 20-cv-1311-bhl

FEDEX GROUND PACKAGE SYSTEM INC,

        Defendant.

---

## ORDER ON RESPONSE TO ORDER TO SHOW CAUSE
---

        For the reasons given below, and based on the procedural history there outlined, the Court concludes that Brandi N. Johnson's response to the Court's prior order to show cause is insufficient, and the Court will therefore admonish her for proceeding with this litigation in disregard of the Court's prior warnings. Because Johnson was acting pro se in this case (until very recently), the Court will withhold from imposing monetary sanctions. But Johnson should be mindful of her obligation not to make allegations that she knows are factually or legally meritless.

        On January 27, 2020, Johnson filed a complaint on behalf of Plaintiff Fairway Delivery Inc. (Fairway), alleging that FedEx Ground Package System Inc. (FedEx) had engaged in racial discrimination and breach of contract. *Fairway Delivery Inc v. FedEx Ground Package System Inc*, No. 2:20-cv-00114-JPS (E.D. Wis. Jan. 28, 2020). Judge J. P. Stadtmueller dismissed that case without prejudice, explaining that Johnson was not a licensed attorney and therefore could not represent the corporate plaintiff. 20-0114 ECF No. 3 at 1–2 (citing *In re IFC Credit Corp.*, 663 F.3d 315, 318 (7th Cir. 2011); *U.S. v. Hagerman*, 545 F.3d 579, 581–82 (7th Cir. 2008)).

        On March 2, 2020, about one month after the first case was dismissed, Johnson, now represented by legal counsel, filed another complaint against FedEx, this time listing both herself and Fairway as plaintiffs. *Johnson et al v. FedEx Ground Package Systems Inc*, No. 2:20-cv-00342-JPS (E.D. Wis. March 24, 2020). The second complaint involved facts and arguments similar to those in the earlier litigation, including claims that FedEx had engaged in racial

discrimination and retaliation in violation of 42 U.S.C. § 1981. It was also assigned to Judge Stadtmueller. On March 24, 2020, plaintiffs' counsel filed a notice of voluntary dismissal under Fed. R. Civ. P. 41(a)(1)(A)(i) and Judge Stadtmueller ordered the case dismissed. 20-0342 ECF Nos. 13, 14.

On August 25, 2020, Johnson, now acting pro se again, filed this latest lawsuit. ECF No. 1. The complaint in this third case included substantially similar facts and arguments as the pleadings in her two prior lawsuits. This time, Johnson named only herself as plaintiff. She asserted claims under 42 U.S.C. § 1981 based on allegations that FedEx engaged in racially discriminatory conduct and retaliation by terminating a contract for services with Fairway, a corporation co-owned by Johnson. *Id.* at 2–7.

On September 29, 2020, FedEx filed a motion to dismiss Johnson's complaint. ECF Nos. 10, 11. FedEx's argument relied on *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470 (2006), in which the Supreme Court held, "Any claim brought under [Section] 1981 . . . must initially identify an impaired 'contractual relationship,' § 1981(b), under which the plaintiff has rights." *Id.* at 476. After the motion was fully briefed, the Court set a motion hearing. ECF No. 16. The day before the hearing, Johnson filed an unauthorized surreply in which she introduced a possible new claim—that FedEx discriminated against Johnson personally, not by terminating its contract with Fairway, but by refusing to allow Fairway to assign its contract to Johnson. ECF No. 22 at 3 (citing *Domino's Pizza*, 546 U.S. at 476 ("("[A] contractual relationship need not already exist [for a Section 1981 violation to occur], because [Section] 1981 protects the would-be contractor along with those who already have made contracts. We made this clear in *Runyon v. McCrary,* 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976), which subjected defendants to liability under [Section] 1981 when, for racially motivated reasons, they prevented individuals who '*sought to enter* into contractual relationships' from doing so, *id.*[] at 172, 96 S.Ct. 2586 (emphasis added)."). During the hearing, Johnson elaborated on this argument, saying that FedEx not only blocked a contract assignment to Johnson as an individual but also blocked a contract assignment to a corporation—BN Investment Services, Inc. (BNI)—of which Johnson was the majority shareholder. Counsel for FedEx argued that Johnson was simply inventing a new theory not previously suggested to avoid dismissal. ECF No. 23.

On September 27, 2021, the Court granted FedEx's motion to dismiss but, based on Johnson's assertions at the motion hearing, granted her leave to file an amended complaint by October 11, 2021. ECF No. 25. In its order, the Court stated the following:

> If there is factual support for the contention that Johnson requested but was denied an assignment of the Fairway contract, this might form the basis of a claim. . . . [B]ut the [initial complaint] makes no mention of any discriminatory refusal to allow an assignment. Accordingly, this theory cannot save the complaint as currently drafted; Johnson's new theory would require an amended complaint. . . . **The Court strongly cautions Johnson, however, not to file an amended complaint asserting this new theory unless she has proof of these new allegations. If the record later shows that Johnson never asked FedEx to approve an assignment of the Fairway contract to Johnson individually, and she nevertheless proceeds with a claim that such a request was denied, she may face possible sanctions for making false representations to the Court in violation of Federal Rule of Civil Procedure 11(b).**

*Id.* at 3–4 (emphasis in original).

On October 5, 2021, Johnson filed an amended complaint in which she attempted to replace herself as the plaintiff with DJM Logistics Inc. (DJM).[1] ECF No. 26. Rather than allege facts that FedEx had blocked an attempted assignment of contract rights to Johnson individually, as she had suggested at the hearing, Johnson alleged a new version of the facts in which FedEx blocked an assignment to DJM, a corporation for which Johnson was to be the owner and majority shareholder. ECF No. 26 at 7–8. The amended complaint thus failed to conform to the requirements specified in the Court's previous order and did not otherwise state a claim for which *Johnson* could personally recover as a plaintiff. Moreover, the amended complaint now suffered from the same defect as Johnson's initial complaint before Judge Stadtmueller—she was again attempting to assert claims on behalf of a corporation in a case before the Eastern District of Wisconsin even though she is not a licensed attorney. For these reasons and also for an additional statute-of-limitations issue, the Court dismissed the case with prejudice. ECF No. 32. Because Johnson had proceeded in the face of the Court's warning and had not followed the Court's guidance, the Court ordered Johnson to show cause as to why she should not be sanctioned. *Id.* at 4.

---

[1] It is not immediately clear from the pleadings whether BNI and DJM are related entities.

On January 21, 2022, Johnson, having hired new legal counsel, ECF No. 39, responded to the order to show cause. ECF No. 45. In her response, Johnson argues that the Court erred in dismissing her amended complaint. *Id.* at 5. She suggests that when the Court granted Johnson leave to amend, the Court's only requirement was that Johnson allege a discriminatory refusal of assignment, and Johnson satisfied this requirement when she alleged that FedEx had made a discriminatory refusal of assignment to DJM. *Id.* She also argues that the two-week time period that the Court allowed for her to file an amended complaint was an inadequate amount of time to acquire legal counsel. *Id.* at 5–6.

Johnson's response to the order to show cause distorts the way this case has proceeded. Both in the Court's hearing, ECF No. 23, and in its order dismissing the complaint but granting leave to amend, ECF No. 25, the Court made clear that if there was a Section 1981 claim to be brought, Johnson could bring it herself only if she alleged that FedEx blocked a contract assignment to her as an individual. In addition, Johnson already knew, from her prior litigation regarding the same or similar facts as this case, that as a non-lawyer she could not bring a claim on behalf of a corporation. Hence the Court's prior directive: "Because the Court previously admonished Johnson to refrain from filing an amended complaint without sufficient proof, ECF No. 25 at 3–4, and because Johnson was already aware that it was improper for her to attempt to provide legal representation to DJM, *see Fairway Delivery, Inc.*, No. 2:20-cv-00114-JPS, at 1–2, the Court will require Johnson to show cause as to why the Court should not sanction her." ECF No. 32 at 3.

Moreover, Johnson's argument that she needed more time to find legal counsel lacks support. Even though the Court allowed Johnson two weeks to file the amended complaint, she filed it in only one week. ECF No. 26. After FedEx filed its motion to dismiss the amended complaint, ECF No. 27, Johnson filed her opposition brief in 4 days. ECF No. 29. After FedEx filed its reply brief, ECF No. 30, Johnson filed an unauthorized surreply brief in 2 days. ECF No. 31. The primary argument of FedEx's briefs was that Johnson could not represent a corporation, but in her own briefs Johnson never argued that she needed more time to hire an attorney and never filed a motion for an extension of time. (She argued instead that she could not afford counsel and also that FedEx had interfered with and/or had conflicts of interest with Fairway's legal counsel. ECF No. 29 at 1.) After the Court dismissed the amended complaint, Johnson appealed the decision pro se and, more than two weeks later, hired an attorney on

December 28, 2021—92 days after the Court granted her leave to amend her complaint based on her last-minute pitch that FedEx had blocked a contract assignment. ECF Nos. 33, 34, 39, 25. And now, in her January 21, 2022 response to the Court's order to show cause, Johnson states the following: "Ms. Johnson was . . . forced to search for counsel for DJM Logistics but was unable secure counsel within 14 days of the court's order. She, therefore, filed the amended complaint out of fear that her claims would be time-barred." ECF No. 45 at 5–6.

For the reasons given above, Johnson's response to the order to show cause is insufficient, and the Court admonishes Johnson for proceeding with her litigation.

Dated at Milwaukee, Wisconsin on January 28, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge